UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:25-cv-00389-FDW

| KEITH MARK TIPTON, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM OF DECISION AND ORDER ON INITIAL REVIEW** |
| SAMUEL PAGE, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

**I.    BACKGROUND**

Pro se Plaintiff Keith Mark Tipton ("Plaintiff") filed this action on November 4, 2025, pursuant to 42 U.S.C. § 1983, against Defendants Graham County Sheriff's Office and Samuel Page, Jeffrey Oswalt, Bryan Carpenter, and Dylan Taylor, all identified as officials with the Sheriff's Office. [Doc. 1]. In his Complaint, Plaintiff appears to take issue with various aspects of his arrest and criminal proceedings in Graham County, North Carolina, between August and November 2022. [See id.]. Plaintiff sues Defendants Page and Oswalt in their official capacities only and Defendants Carpenter and Taylor in their individual and official capacities. [Id. at 2-3].

Plaintiff claims violation of his rights under the Fourth, Fifth, Sixth, and Eighth Amendments to the U.S. Constitution and Articles 3, 5, 7, 9, 10, 11, 12, and 17 of the "Declaration of Human Rights." [Id. at 3]. Plaintiff appears to claim having suffered various physical injuries as well as "bogus charges." [Id. at 6]. For relief, Plaintiff states only that he "want[s] justice."

[Id.].

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV.     DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Plaintiff's Complaint fails initial review. Plaintiff's allegations are so meandering and nonsensical that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Court cannot and will not scour and piece apart Plaintiff's rambling stream-of-conscious pleading to state a claim for him. Plaintiff is also admonished that it appears that some or all his claims may be barred by the statute of limitations. The Court will, however, allow Plaintiff to amend his Complaint to properly state a claim for relief, if the facts allow.

## V. CONCLUSION

For these reasons, Plaintiff's Complaint fails initial review. The Court will allow Plaintiff to amend his Complaint within thirty (30) days of this Order to properly state a claim for relief. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted.

If Plaintiff amends his Complaint, he should succinctly and clearly allege the factual basis for each claim against each Defendant and which constitutional right(s) he contends were violated by which conduct. **Plaintiff is also admonished that he shall not include any personal identifying information of third parties, including phone numbers and dates of birth, in any filings with this Court.[1] The Court may summarily strike any such future filings**.

---

[1] There is simply no reason to include any individual's phone number in a pleading in this action. The Court does not conduct discovery; the parties do.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days from the date of this Order in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: November 13, 2025

Frank D. Whitney
Senior United States District Judge