UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:25-cv-00389-FDW

| KEITH MARK TIPTON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF DECISION** |
| | ) | **AND ORDER ON INITIAL REVIEW** |
| | ) | |
| SAMUEL PAGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 7], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

**I.    BACKGROUND**

Pro se Plaintiff Keith Mark Tipton ("Plaintiff") filed this action on November 4, 2025, pursuant to 42 U.S.C. § 1983, against Defendants Graham County Sheriff's Office and Samuel Page, Jeffrey Oswalt, Bryan Carpenter, and Dylan Taylor, all identified as officials with the Sheriff's Office. [Doc. 1]. In his Complaint, Plaintiff appeared to take issue with various aspects of his arrest and criminal proceedings in Graham County, North Carolina, between August and November 2022. [See id.]. Plaintiff's Complaint failed initial review because his allegations were "so meandering and nonsensical that they fail to satisfy the most basic pleading requirements." [Doc. 6 at 3 (citations omitted)]. The Court admonished Plaintiff that it would "not scour and piece apart Plaintiff's rambling stream-of-conscious pleading to state a claim for him." [Id.]. The Court also admonished Plaintiff that it appeared that some or all his claims may be barred by the statute of limitations. [Id.]. The Court, nonetheless, allowed Plaintiff to amend his Complaint to

properly state a claim for relief. [Id.]. The Court cautioned Plaintiff that, if he amends his Complaint, "he should succinctly and clearly allege the factual basis for each claim against each Defendant and which constitutional right(s) he contends were violated by which conduct." [Id.].

Now before the Court is Plaintiff's 36-page Amended Complaint in which he again names Page, Oswalt, Taylor and Carpenter and also now names Graham County and Alexander Parrish, identified as a Graham County Sheriff's Deputy, as Defendants. [Doc. 7]. He purports to sue all Defendants in their individual and official capacities. [Id. at 1-3].

Plaintiff's Amended Complaint is an even more meandering, nonsensical and stream-of-conscious than his original Complaint. [See Doc. 7; cf. Doc. 1]. Plaintiff's allegations, which center on events allegedly occurring in August and September 2022, are not amenable to meaningful summary here. [See Doc. 7 at 4-8, 12, 17]. Of note, however, Plaintiff does allege as follows:

> I also believe I suffered a stroke in Jail, Due to stress of Bogus charges, constant hunger being starved, No sleep much Due to thyroid disease and because the Jail [illegible] Jeff Oswalt didn't fill my synthroid or levothyroxine meds that the Doctor prescribed to me and my anti-stroke and Heart Attack med ATORVASTIN. The ambulance was called in for it either Oct 22 or Nov 22.

[Id. at 19 (errors uncorrected)].

Plaintiff claims violation of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution and Articles 3, 5, 6, 7, 9, 10, 11, 12, and 17 of the "Declaration of Human Rights." [Id. at 3]. Plaintiff alleges having suffered various physical injuries during his August 2022, arrest, as well as a stroke while in jail. [Id. at 28]. Plaintiff seeks monetary and injunctive relief. [See id. at 21-23].

II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to

determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**IV. DISCUSSION**

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Plaintiff's Amended Complaint also fails initial review. Plaintiff's allegations are even more meandering and nonsensical than his original Complaint and Plaintiff failed to amend his Complaint in accordance with the Court's Order. [See Doc. 6 at 3]. That is, contrary to the Court's express admonishment, Plaintiff did not "succinctly and clearly allege the factual basis for each

claim against each Defendant and which constitutional right(s) he contends were violated by which conduct." [See id.]. Rather, Plaintiff submitted another "rambling, stream-of-conscious" pleading the Court admonished would fail. [See id.]. Additionally, as before, the bulk of any putative claims Plaintiff purports to set out are based on events alleged to have occurred in August and September 2022, which are barred by the statute of limitations in any event.

To be sure, however, Plaintiff does allege that he "believe[s]" he suffered a stroke in October or November 2022 in part because of Defendant Oswalt's alleged failure to give Plaintiff certain medication. A pretrial detainee's claim based on deliberate indifference to a serious medical need is properly brought pursuant to the Fourteenth Amendment. Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023). To state such a claim, a plaintiff must allege that:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had the condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

Id. at 611. Under this standard, "the plaintiff [need not] show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." Id. "[I]t is enough that the plaintiff show that the defendant acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 836, 114 S.Ct. 1970 (1994)). It remains, however, insufficient "for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." Id. at 611-12.

Giving the Plaintiff the benefit of every reasonable inference and taking his allegations are true, he has nonetheless failed to state a claim against Defendant Oswalt based on the alleged

4

Case 1:25-cv-00389-FDW    Document 8    Filed 03/13/26    Page 4 of 5

failure to give Plaintiff his medications. That is, Plaintiff has not alleged any facts showing he had a medical condition posing a substantial risk of serious harm, that Defendant Oswalt intentionally, knowingly, or recklessly failed to act to address the risk that such condition posed, or that Defendant Oswalt knew or should have known that his inaction posted an unjustifiably high risk of harm. At best, Plaintiff's allegations suggest that Defendant Oswalt may have accidentally or negligently failed to give Plaintiff his medications. This claim, therefore, would have failed initial review in any event.

Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and has otherwise properly failed to state a claim for relief, the Court will dismiss this action with prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 7] is **DISMISSED with prejudice** in accordance with the terms of this Order for Plaintiff's failure to state a claim for relief.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: March 12, 2026

Frank D. Whitney
Senior United States District Judge